IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:10-cv-04422 |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND | § | |
| JOSEPH MICHAEL SAPP D/B/A SAPP | § | |
| INSURANCE SERVICES, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ALLSTATE TEXAS LLOYD'S VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's ("Defendant"), and files this its Verified Plea in Abatement, and would respectfully show unto the Court the following:

### VERIFIED PLEA IN ABATEMENT

1. On September 12, 2010, Plaintiff filed suit seeking recovery under Chapter 541, subchapter B of the Texas Insurance Code. Prior to seeking recovery under Chapter 541, subchapter B of the Texas Insurance Code, Plaintiff is required to provide written notice to Defendant "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. Additionally, the Insurance Code requires that the written notice state Plaintiff's specific complaint, along with the amount of her damages and expenses, if any, including attorney's fees reasonably incurred in asserting the claim. *Id.*

2. Plaintiff did not give the required 60-day notice before filing suit. Defendant has not received written notice of Plaintiff's Insurance Code claims as required by Section 541.154 of the Texas Insurance Code. Accordingly, Allstate Texas Lloyd's files this plea in abatement, pursuant

to Section 541.155 of the Texas Insurance Code, to abate Plaintiff's action against Defendant until 60 days after notice is provided in compliance with the Insurance Code. *Id.* Defendant should have the opportunity, before litigation is pending, to evaluate whether to avail itself of the Insurance Code's provisions.

3. Plaintiff's failure to provide the required statutory written notice has been verified. Therefore, this suit shall be automatically abated without order of the Court beginning on the 11th day after the filing of the plea in abatement, unless Plaintiff files a controverting affidavit, in accordance with Section 541.155(c)(2) of the Insurance Code. Accordingly, this suit must be abated a full 60 days after Plaintiff serves proper written notice of her Insurance Code claims.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Allstate Texas Lloyd's prays that the Court automatically grant this abatement if uncontroverted by Plaintiff, and if controverted by Plaintiff, grant this abatement after a hearing. Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Allstate Texas Lloyd's but Allstate Texas Lloyd's go hence without delay and recovers costs of court and other such further relief, both general and special, to which Allstate Texas Lloyd's may be justly entitled.

Respectfully submitted,

/s/ Jacquelyn Chandler
    Roger D. Higgins
    State Bar No. 9601500
    Jacquelyn Chandler
    State Bar No. 24001866

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Telecopy:   (214) 871-8209
**ATTORNEYS FOR DEFENDANT ALLSTATE TEXAS LLOYD'S**

### CERTIFICATE OF SERVICE

This is to certify that on the ____ day of November, 2010, a copy of this document was mailed to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

Bill L. Voss
Scott G. Hunziker
THE VOSS LAW FIRM, P.C.
25511 Budde Road, Suite 202
The Woodlands, Texas 77380

/s/ Jacquelyn Chandler
Jacquelyn Chandler

## **VERIFICATION**

STATE OF TEXAS             §
                           §
COUNTY OF DALLAS           §

      BEFORE ME, the undersigned authority, on this day personally appeared Jacquelyn Chandler, who being by me first duly sworn, did on her oath depose and say that she is an attorney for Allstate Texas Lloyd's, who is duly authorized to verify the foregoing abatement on behalf of Allstate Texas Lloyd's and upon information and belief that the factual statements contained within are based upon her personal knowledge, true and correct.

_____
Jacquelyn Chandler

SUBSCRIBED AND SWORN TO BEFORE ME this 29th day of November, 2010.

_____
Notary Public, State of Texas

Sallie R. Jenkins
Notary Public, State of Texas
My Comm. Expires 06 / 13 / 2013