UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-04422 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

### I.      INTRODUCTION

Pending before the Court is the defendant's, Allstate Texas Lloyd's ("Allstate"), verified plea in abatement.  (Dkt. No. 3).  The plaintiff, Pamela Stewart (the "plaintiff"), has failed to file a response in opposition to Allstate's verified plea in abatement and the time for doing so has expired.  After having carefully considered the plaintiff's petition, Allstate's verified plea in abatement and the applicable law, this Court is of the opinion that Allstate's plea in abatement should be GRANTED.

### II.      FACTUAL BACKGROUND

The plaintiff filed suit against Allstate and Joseph Michael Sapp d/b/a Sapp Insurance Services ("Sapp") (collectively, the "defendants") on September 12, 2010, in the 11th Judicial District Court of Harris County, Texas, alleging that the defendants "improperly placed, adjusted and otherwise mishandled" her claim for insurance benefits made after her residential property was damaged due to Hurricane Ike.  Specifically, in her Original Petition, she alleges claims for breach of contract, violations of the Texas Deceptive Trade Practices Act and tie-in statutes, violations of the Texas Insurance Code, breach of the common law duty of good faith and fair

dealing, breach of fiduciary duty, unfair insurance practices, misrepresentation, and common law fraud by negligent misrepresentation against Allstate.  On October 7, 2010, Allstate was served with a copy of her Original Petition through its registered agent, CT Corporation System.  As of the time of filing of the instant motion, Sapp had yet to be served with process.  On October 29, 2010, Allstate filed its answer in state court and, on November 8, 2010, it timely removed the state court action to this Court on the basis of diversity jurisdiction.  On November 29, 2010, Allstate timely filed its verified plea in abatement now before the Court.[1]

In its plea in abatement, Allstate argues that the plaintiff failed to provide it with statutory notice in accordance with § 541.154(a) of the Texas Insurance Code at least 60 days prior to filing her Original Petition.  It argues that the plaintiff's failure to provide such notice in this case has left it without the opportunity to evaluate whether it may avail itself of the defenses available under the Texas Insurance Code.  (*See* Dkt. No. 3 at 2, ¶ 2.)  Thus, it requests that this Court grant its plea in abatement and stay the plaintiff's lawsuit for 60 days after the plaintiff provides proper substantive, written notice in compliance with the Texas Insurance Code.

## III.    LEGAL STANDARD

Section 541.154(a) of the Texas Insurance Code provides that "[a] person seeking damages in an action against another [party] under this subchapter must provide written notice to the other [party] not later than the 61st day before the date the action is filed."  Tex. Ins. Code §

---

[1] Section 541.155(a) of the Texas Insurance Code states that a party against whom an action is commenced who does not receive proper notice prior to suit "may file a plea in abatement not later than the 30th day after the date the [party] files an original answer in the court in which the action is pending."  Tex. Ins. Code § 541.155(a).  In this case, Allstate filed its Original Answer to the Plaintiff's Original Petition on October 29, 2010, and filed its Verified Plea in Abatement on November 29, 2010.  (*See* Dkt No.  1, Ex. B & Dkt. No. 3.)

541.154(a).[2]  The notice should inform the other party of "(1) the specific complaint; and (2) the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other [party]."  Tex. Ins. Code § 541.154(b).  Such notice is not required if giving it is impractical since the action:  "(1) must be filed to prevent the statute of limitations from expiring; or (2) is asserted as a counterclaim."  Tex. Ins. Code § 541.154(c).  Further, Section 541.155(a) provides that a party against whom an action is filed who does not receive proper notice prior to suit "may file a plea in abatement not later than the 30th day after the date the [party] files an original answer in the court in which the action is pending."  Tex. Ins. Code § 541.155(a).  After a hearing, "[t]he court shall abate the action if . . . [i]t finds that the [party] is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154."  Tex. Ins. Code § 541.155(b); *see also Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (other citations omitted) (reasoning that "[i]f a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days.")

## IV.   ANALYSIS AND DISCUSSION

The plaintiff filed the instant action on September 12, 2010.  Yet, despite the requirements contained in § 541.154(a) of the Tex. Ins. Code and § 17.505(a) of the Tex. Bus. & Com. Code, she has failed to provide the defendants with requisite written notice.  In addition, she has neither pled nor offered any proof that the giving of notice under the circumstances was impractical.  Thus, Allstate's plea in abatement is GRANTED.

---

[2] Likewise, § 17.505(a) of the Tex. Bus. & Com. Code requires, as a prerequisite to filing suit under the Deceptive Trade Practices Act ("DTPA"), that a consumer give written notice of his or her damages to a defendant at least sixty days prior to filing suit.  *See* Tex. Bus. & Com. Code § 17.505(a).  Such notice should include "reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees."  *Id.*

## V.    CONCLUSION

Because the plaintiff has failed to satisfy the written notice requirements of the Texas Insurance Code and/or the DTPA, Allstate's verified plea in abatement is GRANTED.  This case is stayed until 60 days after the plaintiff provides it with proper written notice under the Texas Insurance Code and/or the DTPA.  The plaintiff is, thereafter, required to file notice of the same with this Court in order to lift the stay imposed.

IT IS SO **ORDERED**.

SIGNED at Houston, Texas this 10th day of February, 2011.

_____

Kenneth M. Hoyt
United States District Judge